IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVELERS INDEMNITY
COMPANY OF ILLINOIS and
JOSHUA BAER & COMPANY,

                Plaintiffs,
  vs.                                              CIVIL NO.  02-691 LFG/DJS

SOTHEBY'S HOLDING, INC.,

                Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR REMAND

THIS MATTER is before the Court on Plaintiffs' Motion to Remand [Doc. 6]. The Court considered the motion and memorandum in support, together with Defendant's response in opposition. No reply was filed.

Plaintiffs Travelers Indemnity Company of Illinois ("Travelers") and Joshua Baer & Company ("Baer") filed suit against Sotheby's Holding, Inc. ("Sotheby's") alleging property damage, breach of contract and unfair trade practices. The lawsuit was removed to federal court and Plaintiffs now seek a remand of this litigation back to state court.

Plaintiffs assert that the request for treble damages is not applicable to both Plaintiffs, but only to Baer, whose damages are unknown and therefore not apparent on the face of the complaint. Plaintiffs further argue that Travelers' damages are limited to the amount it paid Baer under its policy of insurance, $38,155, and that Travelers is entitled to that amount "nothing more and nothing less." Thus, Plaintiffs conclude that the face of the complaint fails to show damages which exceed the federal jurisdictional threshold of $75,000.

Sotheby's, on the other hand, argues that these qualifications and explanations on damages, which appear in the memorandum in support of remand, do not alter the fact that the complaint, which is the document that controls remand, plainly shows claimed damages in excess of the jurisdictional prerequisite.

## Analysis

Unlike general jurisdiction state trial courts, a federal court's jurisdiction is limited, <u>Celli v. Shoell</u>, 40 F.3d 324, 327 (10th Cir. 1994), and the federal court should exercise jurisdiction only when it is clear that the cause of action comes within the court's authority.  However, if removal is appropriate, a federal court is obligated to hear a case that comes appropriately within the court's jurisdiction.  <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976)(federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them).

In <u>Laughlin v. K Mart Corp.</u>, 50 F.3d 871 (10th Cir. 1995) the Tenth Circuit noted that the amount in controversy requirement is determined by the allegations of the complaint. <u>Laughlin</u>, 50 F.3d at 873.  A review of Plaintiffs' Complaint indicates that Plaintiff Baer is a retail art gallery in New Mexico and was insured by Travelers (Doc. 1, ¶¶ 2, 5), and that Baer purchased a ceramic storage jar in New York from Sotheby's. (Doc. 1, ¶ 6).  At the time of the purchase, the jar was not marred or damaged  (Doc. 1, ¶ 9).  Baer contracted with Trimaxion Fine Arts to ship the jar to New Mexico, and Trimaxion noted that the jar was damaged (Doc. 1, ¶ 9).

Baer contends that the jar was damaged while it was in Sotheby's possession (Doc. 1, ¶ 10), and that Sotheby's breached its promise to Baer to deliver a jar that was in good condition.  (Doc. 1, ¶ 11).  Baer contends that "Sotheby's employed unfair, deceptive and unconscionable trade

practices and violated the New Mexico Unfair Trade Practices Act . . . ."  (Doc. 1, ¶ 12).  Baer also contends that "Sotheby's willfully engaged in the unfair, deceptive and unconscionable trade practice of delivering a jar to Baer that resulted in a gross disparity between the value receipt by Baer and the price paid by Baer, entitling Baer to treble damages pursuant to NMSA 57-12-10 (1978)."  (Doc. 1, ¶ 13).

Baer contends that as a result of the direct and proximate result of the damages suffered by Baer that Travelers made payments in accord with its obligations under its policy of insurance.  (Doc. 1, ¶ 14).  Baer contends that Travelers is subrogated to Baer's rights and has standing to recover the money paid to Baer, and in the Complaint's *ad damnum* clause, both Travelers and Baer state:

> [T]he Plaintiffs pray for judgment against the Defendant as follows:
> a.  For damages in the amount of $38,155.00.
> b.  For plaintiff's reasonable costs and attorneys' fees; and
> c.  For such other and further relief as the court deems proper.

A straightforward reading of the complaint indicates that both Plaintiffs are seeking damages in the amount of $38,155; that Sotheby's acts constitute "unfair, deceptive and unconscionable trade practices" under New Mexico law; and therefore that Baer's damages should be trebled; and that in addition to those damages, attorney fees and costs should be awarded.

Defendant correctly notes that the explanations and qualifications in the memorandum differ from what the Complaint states.  It is apparent, however, on the face of the complaint, that if Travelers paid Baer $38,155 under the insurance agreement, Baer's claims then exceed that amount, especially when the deductible is added.  As Baer requests trebled damages, together with costs and fees, the claims in this case exceed the jurisdictional threshold.

3

The Court concludes that removal was appropriate. Therefore, the Court is obligated to hear a case that appropriately came within its jurisdiction. Colorado River Water Conservation Dist. The Court denies Plaintiffs' Motion for Remand.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge